**People of the State of Illinois, Plaintiff-Appellee, v. Edwin D. Ziebell, Defendant-Appellant.**

Gen. No. 50,211.

First District, Third Division.

April 20, 1967.

Joseph I. Bulger, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was found guilty of operating a motor vehicle which was 10,550 pounds in excess of the statutory limit. As a result, he was fined $1,055 in accordance with the statute. Ill Rev Stats, c 95½, § 228(b) (1963). He now appeals, contending that: (1) the State failed to prove the violation beyond a reasonable doubt; (2) the State failed to prove the accuracy of the scale; and (3) the court erred in admitting a weighmaster's certificate into evidence.

At the trial the following testimony was stipulated:

". . . If Sergeant Walsh testified he would testify that, on September 29, 1960 at 120th Street and Doty Avenue in the City of Chicago he had occasion to observe the defendant operating a motor vehicle, and that he had occasion to observe the size of the load

and the pull on the motor and the position of the springs. Based on these observations, he had reason to believe that this truck was overloaded and he stopped the driver and had a conversation with him. He told the defendant, Edwin Ziebell, driver of the truck to proceed to the nearest public scale, which at this time was at 95th Street and Stony Island, being Oklahoma Oil Company. At that time the truck was put on the scale under the direction and supervision of Sergeant Walsh and Officer Major who was in the scalehouse at the time.

"The truck was weighed under the direction of Officer Major, who, if he were to testify, would testify that the gross weight of the truck was 51,560 pounds.

"Sergeant Walsh would further testify that he had occasion to look at the license plates on the vehicle and for License No. X8112 the driver was entitled to have a load in the maximum weight of 41,000 pounds and the gross weight of 51,560 pounds was a gross overweight of 10,550 pounds."

The State also introduced the weight certificate into evidence. Defendant offered no evidence. At the close of the case the court found defendant guilty and assessed the fine hereinbefore stated.

■ Defendant contends that the State failed to prove the accuracy of the scale and hence there was no proper foundation for the testimony regarding the readings on the scale indicator. The testimony in question however was presented by stipulation, and defendant thereby agreed to its admission. He cannot question its propriety on appeal.

Defendant objected to the admission of the weighmaster's certificate on the additional ground that the weighmaster was not in court to testify to the accuracy of the weighing. He contends that he was deprived of

the right to be confronted by the witnesses against him, and he cites Pointer v. Texas, 380 US 400, and Douglas v. Alabama, 380 US 415, in support of his argument. In the Pointer case the petitioner was arrested and brought before a state judge for a preliminary hearing on a robbery charge. The complaining witness testified, but petitioner, who had no counsel, did not cross-examine. Petitioner was later indicted and tried. The witness had moved to another state, and the transcript of his testimony at the hearing was introduced over the petitioner's objections that he was denied the right of confrontation. The court held that the right to confront and cross-examine witnesses was guaranteed by the sixth and fourteenth amendments of the federal constitution, but the court also recognized that there were exceptions to the confrontation rule, such as dying declarations, the testimony of deceased witnesses and analogous situations.

Douglas v. Alabama, supra, the other case cited by defendant, involved the confession of an alleged accomplice which was brought to the attention of the jury during the petitioner's trial. The alleged accomplice refused to testify on the grounds of self-incrimination, and the State's Attorney read the confession under the guise of cross-examining the accomplice as a hostile witness. The court held that the petitioner was deprived of the opportunity of cross-examining the accomplice in regard to the incriminating portions of the confession. The facts in the Douglas case are not similar to those in the instant case, and the holding is clearly inapplicable here.

■ The weight certificate to which the defendant objects is a public document and it is admissible as such. People v. Hansen, 74 Ill App2d 49, 220 NE2d 96; see also Municipal Code of Chicago, §§ 164-1 to 164-19 (1939) (with amendments to January 1, 1965); Wigmore, Evidence, §§ 1631-1632 (3rd ed 1940). Neither the hearsay rule nor the confrontation rule can be invoked against the admission of a public document of this character. See

United States v. Kelly, 349 F2d 720 (2nd Cir) at pp 770–771. The weight certificate was properly admitted into evidence. Moreover, the load in question was 25% over the limit fixed by law, a large margin for error which leaves no room for doubt that the law was violated. See People v. Fair, 61 Ill App2d 360, 210 NE2d 593; People v. Fraschetti, 73 Ill App2d 449, 220 NE2d 98; People v. Hansen, 74 Ill App2d 49, 220 NE2d 96. The judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.