People of the State of Illinois, Appellee, v. John Kueper, Appellant.

Gen. No. 68–108.

Fifth District.

June 9, 1969.

J. Waldo Ackerman, of Springfield, for appellant.

Peyton Berbling, State's Attorney of Alexander County, of Cairo, for appellee.

EBERSPACHER, J.

Defendant's employer applied to, and received from, the Division of Highways, a permit to transport over certain Illinois highways an overweight vehicle of a total weight of 88,000 pounds with a weight of not to exceed 48,000 pounds on the rear axle. The limitation on axle loads is provided by the Uniform Act Regulating Traffic, (c 95½, §§ 98 through 239 Ill Rev Stats 1965), and by the provision of section 131 of the Act, the maximum weight on the rear axle was limited to 32,000 pounds. The permit was issued pursuant to the authority given the Department of Public Works and Buildings, of which the Division of Highways is a division, by section 133 of the Act.

On April 25, 1967, defendant was charged with operating the truck of his employer in violation of the permit, contrary to the penalty provision of section 133(g) to which charge he pled guilty and the minimum fine of

$10 was imposed upon him. He was also charged with operating the truck overweight in violation of the 32,000 pound rear tandem axle limitation imposed by section 131; on this charge he was tried before the court, found guilty and fined pursuant to section 132.01 of the Act in the amount of $2,308 on the basis of the rear tandem axle load being 23,080 pounds in excess of the 32,000 limitation, on the theory that the rear tandem axle load of 55,080 pounds exceeded the 48,000 pounds permitted by the permit, and that by the terms of the permit, as well as the regulations, noncompliance with the weight limitation of the permit, rendered all provisions of the permit null and void, with the same result as if no permit had been issued.[1] On the face of the permit it is stated, "VOID IF LIMITATIONS STATED HEREIN ARE EXCEEDED," and Permit Regulations for Oversize and Overweight Movements, dated July 1, 1962 provided, in section 3–501(7):

> "Non-Compliance with weight limitations, dimensions, routing, or other provisions specifically stated in a permit will render all provisions of the permit NULL AND VOID. The effect will be the same as though no permit had been issued and the general provisions of the Uniform Act Regulating Traffic on Highways governs. A permit issued on the basis of incorrect or false information stated upon an application will also render the permit void."

Paragraph 10 of the General Provisions, contained in the Permit Regulations for Oversize and Overweight Movements (page 102) provides:

> "This permit shall be void in the event the dimensions or weights of the vehicle and load, as operated,

---

[1] Under the provisions of section 132.01 of the Act, either the owner or driver or both, are subject to prosecution. Under section 133(g) of the Act, either the person to whom the permit was issued, or the driver or both, may be prosecuted.

44

exceeds the dimensions or weight limits allowed by the permit. Provisions of the Uniform Act Regulating Traffic on Highways shall then apply."

Defendant filed his appeal from the judgment imposing the $2,308 fine in the Supreme Court on the theory that a rule or regulation of the Department, making an overweight permit void ab initio upon its violation, cannot be sustained constitutionally. That Court found that it had no jurisdiction on direct appeal, that no substantial constitutional question was involved, and transferred the appeal to this Court. Defendant prays that the fine be corrected by reduction to $708, being 10 cents per pound on the excess over 48,000 pounds, the permit limitation.

One of the legal questions presented is whether, the defendant having paid the fine for violation of the permit assessed under section 133(g) of the Act, can be prosecuted for violation of the weight limitations as set forth in section 131 and the penalty prescribed by section 132.01 for violation of section 131, imposed upon him. If the 133(g) prosecution bars the prosecution under section 131, we would reverse outright the judgment imposing the $2,308 fine,[2] and would need not consider, the other legal question presented, i. e., whether the Department had the authority to promulgate and enforce the permit regulation (section 3–501(7)) hereinabove set forth and hereafter referred to as Rule 7.

■  With regard to the first question, defendant suggests that since section 133 of the Act makes provision for the violation of a permit issued pursuant to that section, and that such provisions are exclusive, and that there is no authority for the imposition of any other penalty, and therefore prosecution under section 131 is barred. The Act in two entirely different sections, pro-

---

[2] Appellant in his brief prays in this Court that the fine be reduced, rather than for outright reversal.

vides penalties for violation of two distinct acts, one (section 132.01) violation of the weight limitations upon vehicles operating over the highways, and the other (section 133(g)) violation of a permit for overweight. The last paragraph of section 133 provides that "Penalties for violation of this section shall be in addition to any penalties imposed for violation of other sections of this Act." Obviously by enactment of that paragraph, the Legislature did not intend prosecution under section 133 to bar prosecution under section 132.01, and we so hold.

Defendant contends that the rule making power of the Department is not sufficiently broad as to authorize it to adopt a rule which in effect states that if an overweight permit is violated it is void ab initio. He further contends that even if it is determined that the Legislature intended to grant the Department the power to provide for the avoidance of the permit ab initio upon violation, then such attempted delegation would fail because adequate standards have not been set down in the Statute to guide the Department in the exercise of discretion.

The rule making power of the Department relating to overweight permits is found in section 133(c) of the Act. It provides:

"The Department or local authority is authorized to issue or withhold such permit at its discretion; or, if such permit is issued at its discretion to prescribe the route or routes to be traveled, to limit the number of trips, to establish seasonal or other time limitations within which the vehicles described may be operated on the highways indicated, *or otherwise to limit or prescribe conditions of operation of such vehicle or vehicles, when necessary to assure against undue damage to the road foundations, surfaces, or structures,* and may require such undertaking or other security as may be deemed necessary

46

to compensate for any injury to any roadway or road structure." (Emphasis supplied.)

The applicable general rule is found stated in Illinois Law and Practice with citations to the supporting cases:

> "Under the authority vested in them by the General Assembly, administrative agencies have the power to make or adopt rules or regulations as to matters coming within their province in order to carry out the duties imposed on them by law. However, the rules or regulations promulgated by an administrative agency must be in accordance with the statutory authority vested in such agency, and they must also be reasonable, and not arbitrary or in contravention of express statutory provision.
>
> "An administrative agency cannot, by its rules or regulations, extend the substantive provisions of a legislative enactment, nor can it create substantive rights thereby." 1 ILP, Adm Law & Prac, § 24.

The case of Hayes Freight Lines, Inc. v. Castle, 2 Ill2d 58, 117 NE2d 106, is a case involving violation of the weight limitations for vehicles. There the license of Hayes was about to be suspended for a period of 90 days for overweight violations. The court in that case, 2 Ill 2d 62, 117 NE2d 110, said:

> "The General Assembly is not required to establish an absolute criterion for the revocation of this privilege. It may concern itself with the quality of the conduct which is the basis of revocation. It might express that concern by attempting to enumerate all the conditions of weather, roads, and loads, and the myriad of transitory circumstances peculiar to the business of the offending carrier or to the offense which might be relevant by way of excuse or justification. But no constitutional provision re-

47

quires it to do so as long as intelligible standards are established to be applied by the agency to which the determination is committed.

"While the standards here fixed are expressed in general terms, they deal unmistakably with the quality of the conduct which is made the basis of suspension of the privilege."

The case of People v. Warren, 11 Ill2d 420, 143 NE2d 28, approves the rule as laid down in Hayes, supra, and discussing the matter of delegation of authority to administrative officials, adopted their earlier language from City of Evanston v. Wagar, 364 Ill 198, 204, and said:

"It is true that while a legislative body cannot divest itself of its proper function of determining what the law shall be, it may nevertheless authorize others to do those things which it might properly, but cannot understandingly or advantageously do itself. . . . This doctrine is sound and has been adhered to for many years, for the obvious reason that government could not be carried on if nothing were left to the judgment and discretion of administrative officers. . . . A clear distinction exists, however, between the power to legislate—and the power to administer or regulate its exercise, once granted. The true distinction is between a delegation of power to make the laws, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made. 1 Sutherland on Stat Const2d, p 148.

"The constitution does not require the General Assembly to establish all-embracing absolute criteria whereby every detail and circumstance necessary in the enforcement of the law is anticipated; intelligible

standards to guide the agency charged with the enforcement are sufficient. Hayes Freight Lines, Inc. v. Castle, 2 Ill2d 58, 65."

The case of People ex rel. Colletti v. Pate, 31 Ill2d 354, 201 NE2d 390, involved the delegation of authority to the Department of Public Safety. There the Legislature had delegated to the Department of Public Safety the authority to prescribe reasonable rules and regulations for the dimunition of sentences on account of good conduct of persons confined in penal institutions. No schedule of good-time credits was furnished. After holding the delegation of authority valid, the Court said:

"It would be inconsistent for us to say that the legislature may delegate the duty to prescribe a schedule of credits for good-time and hold that the delegation was ineffective because the legislature did not fix a maximum and minimum schedule. We would be forcing the legislature to perform the duty which we held above may be validly delegated and which the Department of Public Safety is undoubtedly better qualified to perform. Under such circumstances we believe that the statutory standards, although minimal, were intelligible and sufficient to guide the Department of Public Safety in the performance of its duty to prescribe rules and regulations for the dimunition of sentence on account of good conduct."

That case was in the field of criminal law where great exactitude is required; though the standards were minimal, the Court held them sufficient, and went on to point out:

"An administrative regulation, like a statute, enjoys a presumption of validity and that presumption is not rebutted by showing that petitioner and others in a like situation are adversely affected thereby."

49

Defendant has taken the position that by the adoption of Rule 7, the Department had added to the penalty provided by section 133(g) by making mandatory a fine for an overweight violation under section 132.01 which does not take into consideration the permit. On such theory he contends that Rule 7 violates the rule that a statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder, as stated in Ruby Chevrolet, Inc. v. Department of Revenue, 6 Ill2d 147, 126 NE2d 617. The regulation does not add to the penalty for violation of an overweight permit under 133(g), but merely permits the imposition of the statutory penalty provided by section 132.01, in the same manner as if no permit had ever been issued.

His additional theory seems to be that since the Legislature enacted a statute defining civil liability of persons damaging the highways or structures by transporting weights in excess of those allowed by the Act and providing a civil action to the authorities in control of such damaged highways or structures for the recovery of such damages in section 135 of the Act, that prosecution for violation of section 133(g) is exclusive and that therefore Rule 7 does not relate to the assurance against undue damage to the highway, such assurance being the statutory language in section 133(c) supporting the Department's power to adopt rules relating to overweight vehicles.

This record does not disclose what damage, if any, was done to the highways or structures by defendant's violations. Neither the fine provided by section 133(g) nor that provided by section 132.01 are measured in the amount of damages a violator does to the highway. We can conceive of, and feel certain that the Legislature likewise could conceive of, many instances in which the damages to the highway or highway structure by an overweight load might far exceed any fines that could be imposed under the provisions of the Act. As a result

the Legislature has authorized the Department to adopt such rules, as in its discretion will assure against damage to the highway, in an attempt to make it unnecessary to proceed against a violator for civil damages. But if despite such rules, and such penalties as the Legislature has provided for violations of the Act, persons do violate and do damage to the highways it was the Legislative intent that there be power to recover under section 135, the cost of repair or replacement.

We believe that Rule 7 providing that an overweight permit becomes null and void when not complied with, is a prescription of a condition of operation which assures in most cases that there will be no undue damage to the road foundations, surfaces or structures. The Legislature in the language of section 133(c) gave the Department authority to prescribe such a "condition of operation" to prevent damage and to render unnecessary in most cases resort to recovery under section 135.

We therefore hold that Rule 7 is a reasonable regulation, in accordance with the statutory authority vested in the Department, that it is neither arbitrary nor in contravention of any express statutory provision and that it is adequately related to the purpose of the Act and to the purposes of section 133 of the Act; and affirm the judgment of the Circuit Court of Alexander County.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.