The People of the State of Illinois, Plaintiff-Appellee, v. Leo A. Freehill, Defendant-Appellant.

Gen. No. 70–3.

Second District.

September 25, 1970.

George F. Nichols, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney of Lee County, of Dixon, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from judgments of conviction and fines imposed in two overweight traffic cases arising from the same transaction which were consolidated and tried before a Magistrate without a jury. He challenges the finding that his vehicle was overweight and, addition-

ally, the assessment of a fine both for violation of his permit (Ill Rev Stats 1967, c 95½, § 230) and for being overweight (Ill Rev Stats 1967, c 95½, §§ 228, 229 (a)).

On June 24th, 1969, Freehill drove his employer's truck to Beloit, Wisconsin, to pick up a 65,000 pound paper mill roll consisting of a single piece, wood-crated, for delivery to a company in Mississippi. His employer had obtained a permit from the Illinois Division of Highways to move the freight on a 7-axle tractor-trailer with a gross weight of 106,000 pounds, length 65 feet, over the proposed route and had paid a fee of $142.61. After the machinery was loaded, the defendant took the equipment to a coin operated scale at a gasoline station in South Beloit, Illinois. There he found the weights did not meet the requirements of the permit, and took the unit back and had the machinery moved and reweighed. When he discovered that it still could not meet legal requirements, he had his employer send an 8-axle unit and the employer also applied for an amendment to the permit, which was granted to provide for 40,000 pounds on a rear triple tandem axle, paying a $5 fee. After the machinery was loaded onto the 8-axle unit, it was again weighed at the station in South Beloit and showed a gross weight of 102,300 pounds and a triple tandem axle weight of 39,250 pounds.

Defendant then proceeded to the official Illinois scale at the junction of U. S. 51 and U. S. 30 on June 25th, 1969, at approximately 7:15 p. m. The officer at the weight station stamped out the scale weight which showed a gross weight of 105,700 pounds and a triple tandem axle weight of 42,780 pounds. This weight was within the gross weight limit of the permit but exceeded the triple tandem axle weight by 2,780 pounds. The officer issued an overweight ticket and complaint, and a State Trooper issued a uniform traffic ticket and complaint for violation of permit.

236

The tractor-trailer was left in custody of the State Police without the load being moved, and on the following day the unit was reweighed. Although requested, the State Police would not give defendant another stamped weight ticket, but they read the weights off orally and the defendant made notes of them. The weights which were read off at this time showed a gross weight of 106,580 pounds and a triple tandem axle weight of 43,980 pounds. A new permit was secured which authorized a gross weight of 106,900 pounds and a triple tandem weight of 44,360 pounds and a new permit fee of $134.20 was paid. After obtaining this permit, the defendant's unit was again weighed, and again a scale ticket was refused, although requested; this time the figures called off orally showed a gross weight of 107,820 pounds and a triple tandem axle weight of 44,900 pounds. Again a revised permit was issued, this time for a gross weight of 108,000 pounds and a triple tandem axle weight of 45,000 pounds for which the employer paid a fee of $8.80. Although defendant requested a reweighing at this time, the State refused to reweigh the unit and told him to proceed.

Thereafter, defendant's unit was reweighed twice in Illinois. In each case, no weights were given to him, and he was told to proceed. He was not weighed in the State of Kentucky or the State of Tennessee, but on entering the State of Mississippi, he was weighed at the State line, and given a scale ticket showing a gross weight of 100,700 pounds and a triple tandem axle weight of 40,400 pounds.

After reaching destination and having the load removed, defendant had his tractor-trailer weighed. The tractor weighed 26,440 pounds and the trailer weighed 10,540 pounds.

The State introduced evidence in the case in chief that the scales at the official Illinois State Weigh Station had

237

■■■■■■■■

been checked for accuracy approximately one month before by the Department of Agriculture and that there was a sticker on the dial of the scales put in by the Department evidencing this check.

There was evidence that nothing was done during the time when the unit was in the custody of the State Police which would affect the weight of the triple tandem axles at the rear of the trailer. However, there was testimony that the crate in which the machinery was enclosed was not water tight and that it was raining during the period.

The Magistrate assessed a fine of $1,078 and costs. This was on the theory that the 40,000-pound permit for the rear axle was nullified by the overweight shown on the scale ticket, thereby relating the permissible weight back to the statutory limit of 32,000 pounds. The fine was computed on the basis of 10,780 pounds overweight at ten cents a pound.

■■ Defendant first argues that the Magistrate erroneously considered the official stamped weight ticket as accurate and binding as a matter of law. We do not reach this conclusion with assurance from a reading of the record. The Magistrate did restrict cross-examination of the weigh master on the subject of subsequent weighings, but permitted the defendant to testify as to these circumstances. In his memorandum opinion, however, the Magistrate concluded that the earlier and subsequent reweighings did not "overweigh or discredit" the evidence of the weight certificate. This was a proper approach to the issue. A State of Illinois weight ticket is admissible as a public document and without further proof of accuracy merely establishes a prima facie case of guilt of operation of an overweight vehicle. People v. Fair, 61 Ill App2d 360, 365, 366, 210 NE2d 593 (1965); People v. Ziebell, 82 Ill App2d 350, 353, 227 NE2d 127 (1967).

We have considered that there was additional evidence of accuracy to support a prima facie case in the proof of

a recent inspection of the scales as an official act of the Illinois Department of Agriculture. However, the uncontradicted testimony of defendant that, on the second weighing upon the same State scale there was an increase on the triple tandem axle from 42,780 to 43,980 pounds, and that on the third weighing upon the same scale, the weight was again increased to 44,900 pounds— revised permits having been issued after each weighing— cast grave doubt upon the accuracy of the scale, since this evidence was unrebutted. There is no evidence that any changes in the load were made which could account for the different figures involving the heavy, single-piece load. The mere statement that "it was raining" does not more than suggest the possibility of rain increasing the weight and does not amount to a credible explanation of the increases in weight to the extent shown. The previous unofficial weighing of the vehicle and load on the 8-axle unit in Illinois, and the official weighing in Mississippi tends to confirm the defendant's theory that the official scales in Illinois were increasingly inaccurate upon each subsequent weighing, and casts serious doubt on the accuracy of the stamped weight ticket.

Upon the record in its entirety, a reasonable and well founded doubt of the guilt of the defendant exists and the judgment is palpably contrary to the weight of the evidence, requiring a reversal. The People v. Post, 39 Ill2d 101, 105, 233 NE2d 565 (1968). The defendant having requested a retrial, the cause will be remanded.

Upon retrial, the question whether the operator of a vehicle which weighs more than its permit allows may be fined both for the violation of his permit and for overweight as if no permit had issued, may arise. We would consider that People v. Kueper, 111 Ill App2d 42, 45, 46, 249 NE2d 335 (1969) would control these issues. We do not consider it unjust, absurd, or unreasonable to impose a larger fine on a permittee who exceeds the

239

permit weight than on one who does not apply for a permit at all, as defendant suggests. The permittee is one who has been given a special permission or privilege to exceed the statutory limits and is not one who has made a greater effort to comply with the law as appellant suggests. Under defendant's theory, a wilful violator could seek a permit so as to minimize the fine for a premeditated violation.

 The defendant also suggests that since the statute has been changed subsequent to the offense charged against him that the amendment was intended to change the laws that formerly existed. We are not persuaded that we should apply this rule of construction inasmuch as we believe that the legislative intent, which is the primary consideration, is expressed in the Kueper case as it applies to the statutes under which this case was brought.

We, therefore, reverse and remand.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.