THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN R. FEARON, Defendant-Appellee.

First District (4th Division)   Nos. 79-1246, 79-1247 cons.

Opinion filed June 26, 1980.

William J. Scott, Attorney General, and Bernard Carey, State's Attorney, both of Chicago, for the People.

John J. Muldoon, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendant, John R. Fearon, was charged with violating section 5 of the Bingo License and Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 1105). That section provides in part that any person who "wilfully violates any rule or regulation of the Department [of Revenue]" is guilty of a misdemeanor and subject to a fine of up to $500 and imprisonment not to exceed one year or both. The specific rule of the Department of Revenue (the Department) which the defendant is charged with violating is Rule 1(D)(13) which deals with "operators" of bingo games. The defendant was also charged with violating section 28—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 28—3) as the keeper of a gambling place.

· The defendant moved to dismiss the complaints in the trial court alleging that the Department had exceeded its authority in promulgating Rule 1(D)(13). Section 2(2) of the Bingo License and Tax Act provides:

> "No person except a bona fide member of the sponsoring organization may participate in the management or operation of the game." (Ill. Rev. Stat. 1977, ch. 120, par. 1102(2).)

Department Rule 1(D)(13) provides:

> "No person may participate in the management of a bingo game who is not listed as an Operator on the application * * * ."

The complaint alleged that the defendant was not listed as an "Operator" on the application for a bingo license.

The defendant argues Rule 1(D)(13) improperly narrows the definition of persons who may serve as "Operators" of bingo games. He also contends that rule is invalid because only the State legislature may define what constitutes a criminal offense. Finally, he asserts that if the rule is void then the charge of keeping a gambling place must also be void. The trial court dismissed both complaints.

The first issue is whether Rule 1(D)(13) constitutes a valid exercise of the Department's rule-making authority. The statute places a number of restrictions on persons who may participate in the management and operation of bingo games. Section 2(2) of the statute provides that only bona fide members of the sponsoring organization may participate in the management or operation of the game. (Ill. Rev. Stat. 1977, ch. 120, par. 1102(2).) Additionally, the statute prohibits convicted felons, professional gamblers, gambling promoters and persons not of good moral character from obtaining a license. (Ill. Rev. Stat. 1977, ch. 120, par. 1101(7).) The legislature has also provided that applications for bingo licenses "shall be prepared in accordance with the rules of the Department * * * ." Ill. Rev. Stat. 1977, ch. 120, par. 1101(2).

In addition to the requirement contained in Rule 1(D)(13), other Department rules require an organization applying for a license to list the names, addresses, social security numbers, birthdates and telephone numbers of the president and secretary of the organization and also members who will act as "Operators." Those signing as officers and operators must attest to the fact that they are bona fide members of the sponsoring organization, that they are of good moral character and that they have not been convicted of a felony. The State contends these license application requirements represent an attempt to ensure that persons who are deemed ineligible for a bingo license will act neither as officers of a sponsoring organization or as "Operators" of the bingo games.

■■ Administrative agencies have the power to adopt rules or regulations concerning matters coming within their province in order to effectuate the duties imposed on them by statute. (*People v. Kueper* (1969), 111 Ill. App. 2d 42, 249 N.E.2d 335.) Rules made in the exercise of power delegated by statute should be construed together with the statute to make, if possible, an effectual piece of legislation. *People v. Johnson* (1977), 68 Ill. 2d 441, 369 N.E.2d 898.

■■ We believe the enactment of Rule 1(D)(13) constituted a valid exercise of the power delegated to the Department by the legislature. The legislature authorized the Department to serve as a licensing body for bingo games and has specifically directed the Department to establish rules covering applications for bingo game licenses. In accordance with the legislature's intent to keep certain categories of persons from obtaining licenses, the Department has promulgated Rule 1(D)(13) which requires all "Operators" to be disclosed on the applications and to attest to the fact that they do not fit any of the prohibited categories of persons defined by the legislature. Although the rule is admittedly more restrictive than the statute, the defendant has cited no authority for the proposition that the Department has exceeded its authority by promulgating such a rule. We do not think the further restriction contained in the rule is unreasonable.

■■ The defendant also contends the rule is invalid because only the State legislature may define what constitutes a criminal offense. It has long been established that it is constitutionally permissible for the legislature to provide a criminal sanction for the violation of rules or regulations which it has validly empowered an administrative agency to promulgate. (*United States v. Grimaud* (1911), 220 U.S. 506, 55 L. Ed. 563, 31 S. Ct. 480; *People v. Robertson* (1922), 302 Ill. 422, 134 N.E. 815; see generally Abrahams & Snowden, *Separation of Powers and Administrative Crimes: A Study of Irreconcilables*, 1 S. Ill. U.L.J. 1 (1976); Gellhorn, *Administrative Prescription and Imposition of Penalties*, 1970 Wash. U.L.Q. 265.) We thus conclude the legislature had the power to delegate

to the Department the authority to make rules, violation of which could result in criminal penalties.

The trial court apparently dismissed the second complaint on the basis of its finding that Rule 1(D)(13) was invalid. In light of our conclusion that Rule 1(D)(13) constituted a valid exercise of the Department's rule-making authority, we believe the trial court also erred in dismissing the complaint which charged the defendant with keeping a gambling place.

For the foregoing reasons the judgments of the circuit court of Cook County are reversed and remanded.

Reversed and remanded.

LINN, P. J., and JOHNSON, J., concur.