(No. 68392.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL ULLRICH, Appellee.

*Opinion filed March 29, 1990.*

478

Neil F. Hartigan, Attorney General, of Springfield, and Edward A. Burmila, Jr., State's Attorney, of Joliet (Kenneth R. Boyle and John X. Breslin, of the State's

Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

No appearance for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Michael Ullrich, was convicted in the circuit court of Will County of the offense of driving an overweight vehicle on an elevated structure in violation of section 15—111(h) of the Illinois Vehicle Code (the Vehicle Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 15—111(h)). The trial court imposed a fine in the amount of $100. The State appealed, contending that the trial court abused its discretion by imposing a fine in an amount less than that specified by section 15—113(a) of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 15—113(a)). The appellate court affirmed, with one justice dissenting. (178 Ill. App. 3d 1097.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315). The sole issue involved in this appeal is whether section 5—9—1(d) of the Unified Code of Corrections (Corrections Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1(d)) authorizes a trial court to impose a fine in an amount less than that required by section 15—113(a) of the Vehicle Code.

We note first that defendant has not filed an appellee's brief. Because the record in this case is clear and the issue may be decided without the aid of an appellee's brief, we shall decide the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The facts of the case are undisputed. Defendant was charged with the offense of driving an overweight vehicle on an elevated structure in violation of section 15—111(h) of the Vehicle Code. Defendant entered a guilty plea stipulating to the facts alleged in the complaint, and the trial court entered a judgment of conviction. The

State informed the trial court that the statutory fine required by section 15—113(a) of the Vehicle Code, plus costs, amounted to $6,385. In setting the amount of the fine, however, the trial court noted that defendant did not appear to have the financial resources to pay that sum and imposed a fine in the amount of $200. The court later reduced the fine to $100, the amount defendant had posted as bond.

Section 15—113(a) of the Vehicle Code provides the penalty to be imposed for a violation of section 15—111(h) of the Vehicle Code, the statute under which defendant was convicted. Section 15—113(a) provides in part:

> "Whenever any vehicle is operated in violation of the provisions of Section 15—111, the owner or driver of such vehicle shall be deemed guilty of such violation and either the owner or the driver of such vehicle may be prosecuted for such violation. Any person, firm or corporation convicted of any violation of Section 15—111 including, but not limited to, a maximum axle or gross limit specified on a regulatory sign posted in accordance with paragraph (h) or (i) of Section 15—111, shall be fined according to the following schedule: ***." (Ill. Rev. Stat. 1985, ch. 95½, par. 15—113(a).)

The section continues to provide a schedule which lists a series of fines in fixed amounts; the fine to be imposed depends on the extent to which the vehicle is overweight.

The State contends that under this court's decision in *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, the trial court lacked authority to impose a fine in an amount less than that required by section 15—113(a) of the Vehicle Code. This court determined in *Salter* that when the legislature enacted section 15—113(a), it intended to establish a fixed schedule of fines for overweight vehicle violations, thereby eliminating any discre-

tion the trial court might have in setting the fine. We therefore held in *Salter* that the trial court exceeded its authority when it imposed a fine in an amount less than that required by section 15—113(a) of the Vehicle Code.

In the case before us, the appellate court acknowledged that *Salter* was directly on point. The appellate court found, however, that the legislature's enactment of section 5—9—1(d) of the Corrections Code called into question the continued validity of the holding in *Salter*. Section 5—9—1 of the Corrections Code, which was enacted after *Salter* was decided, provides in part:

"§5—9—1. Authorized Fines. (a) An offender may be sentenced to pay a fine which shall not exceed for each offense:

* * *

(5) for a business offense, the amount specified in the statute defining the offense.

(b) A fine may be imposed in addition to a sentence of conditional discharge, probation, periodic imprisonment, or imprisonment.

* * *

(d) In determining the amount and method of payment of a fine, the court shall consider:

(1) the financial resources and future ability of the offender to pay the fine; and

(2) whether the fine will prevent the offender from making court ordered restitution or reparation to the victim of the offense." Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.

The violation charged against the defendant here is a business offense. Ill. Rev. Stat. 1985, ch. 38, par. 1005—1—2.

The appellate court determined that strict imposition of the fines required by section 15—113(a) of the Vehicle Code would be inconsistent with the requirement of section 5—9—1(d) of the Corrections Code that the court consider the offender's financial situation when imposing

a fine. The appellate court reasoned that since the two statutes were inconsistent, the later statute, section 5—9—1(d) of the Corrections Code, implicitly amended the earlier statute, section 15—113(a) of the Vehicle Code. Because it found that the fine schedule of section 15—113(a) of the Vehicle Code was subject to the sentencing principles of section 5—9—1 of the Corrections Code, the appellate court concluded that the trial court did not abuse its discretion in considering the defendant's financial situation in setting the amount of the fine.

The dissenting justice below disagreed with the majority's conclusion that the fine provisions of section 15—113(a) of the Vehicle Code were implicitly amended by the enactment in 1973 of section 5—9—1(d) of the Corrections Code. He noted that even if such an amendment did occur, the current schedule of overweight fines was enacted in 1983 with the same mandatory language contained in the previous version. Thus, the dissenting justice would have found that section 5—9—1(d) of the Corrections Code was, in turn, implicitly amended when section 15—113(a) of the Vehicle Code was amended in 1983.

The State argues here that the appellate court erred in holding that section 5—9—1(d) of the Corrections Code authorizes a trial court to consider a defendant's financial resources when imposing a fine under section 15—113(a) of the Vehicle Code. The State contends that although a defendant's ability to pay may be a proper factor for a trial court to consider in imposing a discretionary fine, a defendant's financial status is irrelevant when the amount of the fine is mandated by statute.

We turn, then, to the question of whether section 15—113(a) of the Vehicle Code was amended by implication when the legislature enacted section 5—9—1(d) of the Corrections Code.

An implied amendment is an act which purports to be independent, but which in substance modifies or adds to a prior act. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 391, citing 1A A. Sutherland, Statutes & Statutory Construction §22.13, at 212 (Sands 4th ed. 1972).) Amendment by implication is not favored; a statute will not be held to have implicitly amended an earlier statute unless the terms of the later act are so inconsistent with those of the prior act that they cannot stand together. (*Village of Monsanto v. Touchette* (1965), 63 Ill. App. 2d 390.) If the two enactments are capable of being construed so that both may stand, the court should so construe them. *People ex rel. Young v. Chicago & North Western Ry. Co.* (1960), 20 Ill. 2d 462.

The issue before us, then, is whether the two statutes—section 5—9—1(d) of the Corrections Code and section 15—113(a) of the Vehicle Code—are so inconsistent that they cannot stand together. In order to make that determination, we must decide whether the legislature intended the sentencing principles of section 5—9—1 of the Corrections Code to apply to mandatory fines imposed under section 15—113(a) of the Vehicle Code.

The primary rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. (*People v. Robinson* (1982), 89 Ill. 2d 469.) When construing a statute, the court should look first to the language of the statute (*Robinson*, 89 Ill. 2d at 475), giving the terms of the statute their plain and ordinary meaning (*People v. Steppan* (1985), 105 Ill. 2d 310).

An examination of the language used in section 5—9—1 of the Corrections Code reveals that the legislature did not intend for that section's sentencing guidelines to apply to a sentence imposed under the mandatory fine provision of section 15—113(a) of the Vehicle Code. Section 5—9—1 of the Corrections Code provides that an offender "may be sentenced to pay a fine" and that a fine

"may be imposed" in addition to a sentence of conditional discharge, probation, or imprisonment (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—9—1(a), (b)). The word "may" ordinarily connotes discretion. (*M.C., Ltd. v. Colina* (1977), 55 Ill. App. 3d 730, 733.) The legislature's use of the word "may" in section 5—9—1 of the Corrections Code stands in contrast to the language of the mandatory fine provision of section 15—113(a) of the Vehicle Code, which provides that offenders "shall be fined" according to the schedule provided in that section. We find that the legislature's repeated use of the word "may" in section 5—9—1 of the Corrections Code indicates that section 5—9—1 of the Corrections Code was intended to apply to discretionary fines and not to fixed, mandatory fines.

In ascertaining the legislature's intent, a court should consider not only the language of the statute, but also the reason for the law and the objectives and purposes to be obtained. (*People v. Parker* (1988), 123 Ill. 2d 204.) The council commentary to section 5—9—1(d) of the Corrections Code indicates that the purpose of that section was to make "explicit the usual practice in most courts of determining the fine according to financial ability." (Ill. Ann. Stat., ch. 38, par. 1005—9—1, Council Commentary, at 234 (Smith-Hurd 1982).) Thus, it appears that the legislature, rather than granting new authority to the trial court, was merely codifying the court's existing authority to consider a defendant's financial situation when determining the amount of a fine. At the time section 5—9—1(d) was enacted, however, it was well settled that a trial court is afforded no discretion in determining the amount of a fine imposed pursuant to section 15—113(a). (*People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612.) Imposing a fine based on a defendant's ability to pay rather than imposing the statutory fine required by section 15—113(a) could not be considered a "usual prac-

tice" of trial courts when to do so would be contrary to the statute and clearly grounds for reversal. (See *People v. Wade* (1987), 116 Ill. 2d 1 (trial court has no authority to impose a sentence other than that required by statute).) It is apparent that the legislature intended section 5—9—1(d) of the Corrections Code to apply only to those situations where the legislature has given the court discretion to determine the amount of a fine, for example, where the legislature has provided a range of permissible fines. Because we find that the legislature did not intend section 5—9—1(d) to give the trial court discretion it does not otherwise have in setting the amount of a fine, we conclude that the sentencing principles of section 5—9—1(d) of the Corrections Code were not intended to apply to mandatory fines imposed under section 15—113(a) of the Vehicle Code.

The legislative history of section 15—113(a) of the Vehicle Code supports the conclusion that the legislature did not intend to afford the trial court any discretion in imposing fines under section 15—113(a). The legislature amended section 15—113(a) of the Vehicle Code a number of times after the enactment of section 5—9—1(d) of the Corrections Code. In 1983, for example, the legislature inserted a new fine schedule. (Ill. Ann. Stat., ch. 95½, par. 15—113, Historical Note, at 97 (Smith-Hurd Supp. 1989).) Although it altered the fine schedule in 1983, the legislature left intact the provision that violators of section 15—111(h) "shall be fined according to the following schedule," which continued the mandatory language used in previous versions of the statute. (Ill. Rev. Stat. 1985, ch. 95½, par. 15—113(a).) As noted in the dissent below, had the legislature intended the trial court to have discretion in setting overweight vehicle fines, it could have easily eliminated the mandatory language of the provision when it amended the statute in 1983. That the legislature failed to do so is persuasive

evidence that it did not intend section 5—9—1(d) to alter the penalty scheme by giving the trial court discretion to set a lower fine than that required by section 15—113(a).

Finally, application of section 5—9—1(d) of the Corrections Code to section 15—113(a) of the Vehicle Code would produce absurd results in certain instances and would disrupt the regulatory scheme established by the legislature in chapter 15 of the Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 15—100 *et seq.*) As noted in *People v. Steppan* (1985), 105 Ill. 2d 310, it cannot be presumed that the legislature, in passing legislation, intended absurdity, inconvenience or injustice.

As noted earlier, section 15—113(a) of the Vehicle Code is a penalty provision which applies to all violations of section 15—111 of the Vehicle Code, including section 15—111(h), the provision under which defendant was convicted. In considering the other offenses described in section 15—111 of the Vehicle Code, all of which are punishable under section 15—113(a) of the Vehicle Code, it becomes apparent that the legislature did not intend to authorize the courts to impose fines lower than those required by section 15—113(a) of the Vehicle Code.

Sections 15—111(a) and 15—111(b) of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 15—111(a), (b)) prohibit the operation of overweight vehicles generally, as opposed to their operation on elevated structures, which is prohibited under section 15—111(h) of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 15—111(h)).

The legislature has established a statutory scheme in which overweight vehicles may be operated if a permit is obtained, although their operation would otherwise constitute a violation of section 15—111(a) or (b) of the Vehicle Code. Section 15—301 of the Vehicle Code provides that the Department of Transportation may issue permits for the operation of overweight vehicles. (Ill. Rev. Stat. 1985, ch. 95½, par. 15—301.) Sections 15—306 and

15—307 of the Vehicle Code establish fee schedules for overweight vehicle permits. (Ill. Rev. Stat. 1985, ch. 95½, pars. 15—306, 15—307.) The extent to which a vehicle's weight exceeds the legal maximum determines the cost of the permit. According to section 15—302 of the Vehicle Code, fees derived from overweight vehicle permits must be "sufficient to compensate in part for the cost of the extra wear and tear on the mileage of highways over which the load is to be moved." Ill. Rev. Stat. 1985, ch. 95½, par. 15—302.

Through its statutory scheme, the legislature has established a comprehensive permit system for the operation of overweight vehicles, in which permit fees are based at least in part on the cost of damage done to the highways. It would make little sense to allow operators of overweight vehicles who have not obtained permits to pay fines based solely on their ability to pay, as determined by a court. If the discretionary provision of section 5—9—1(d) of the Corrections Code were applied to the fixed fine provision of section 15—113(a) of the Vehicle Code, a violator of the overweight vehicle statute could be fined less than it would have cost to have obtained a permit; for some operators, that result would remove any incentive to obey the overweight vehicle provisions of the statute and would thwart the goal of recovering the cost of damage done to the State's highways by overweight vehicles. We cannot conclude that the legislature intended section 5—9—1(d) of the Corrections Code to amend by implication section 15—113(a) of the Vehicle Code when to do so would produce such an unreasonable result.

Because we find that section 5—9—1(d) of the Corrections Code and section 15—113(a) of the Vehicle Code were designed to serve two separate purposes, we conclude that the two statutes are not inconsistent. We therefore hold that section 5—9—1(d) of the Corrections

Code did not impliedly amend section 15—113(a) of the Vehicle Code.

For the foregoing reasons, we find that the trial court erred in imposing a fine in an amount less than that required by section 15—113(a) of the Vehicle Code. Accordingly, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Will County with the direction that the circuit court impose the statutory fine mandated by section 15—113(a) of the Vehicle Code.

*Judgments reversed;*
*cause remanded*
*with directions.*