THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY WHITE, Defendant-Appellant.

First District (6th Division)   No. 1—88—2807

Opinion filed November 9, 1990.

Frederick De Pasquale, of Naperville, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, David R. Butzen, and Michele I. Lavin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a bench trial defendant was convicted of driving a truck on a highway with a gross weight in excess of that permitted by statute (Ill. Rev. Stat. 1987, ch. 95½, par. 15—111(g)) and was fined $16,000. On appeal defendant raises several questions regarding the sufficiency of the evidence, statutory interpretation and the propriety of the police to have stopped him and then weighed his vehicle.

About noontime on November 27, 1987, Illinois State Police officer Tony Rapaz was on patrol driving on 91st Street near Interstate 94 (I-94) when he saw a large semitrailer truck carrying a huge steel beam and being driven by defendant. The truck appeared "too large" to be there, and the officer saw smoke emanating from the left rear tandem of the vehicle about the time he stopped defendant. After the officer stopped the truck, defendant gave him a permit issued to

defendant's employer, Norwood Transport, Inc., to transport the load listing a gross weight of 205,000 pounds. The route specified in the permit did not list I-94 as the proper route; nor did defendant have a police escort as specified in the permit. The permit also provided that defendant was to comply with provision "A" of Form BT–993 promulgated by the Illinois Department of Transportation (IDOT), which provides restrictions on trucks in Cook County prohibiting vehicles in excess of 88,000 pounds of gross weight on Cook County expressways with exceptions for certain expressways not applicable to this case. Defendant was ticketed for being in violation of the permit.

Because it was Friday following Thanksgiving the officer could not have the truck weighed, so defendant was required to park the truck. The following Monday an IDOT employee used a portable scale which showed that the truck weighed 212,080 pounds.

The defense presented evidence concerning the accuracy of a portable scale and the specific weighing procedure conducted in this case. Defendant also presented evidence that his truck was then taken to two certified State weigh stations, but it was too wide to be weighed at either station. The truck was eventually taken to a stationary scale at a steel company where it showed a gross weight of 205,360 pounds.

The trial court convicted defendant. In assessing the fine, the court utilized defendant's evidence of weight obtained at the steel company. By subtracting 88,000 pounds from the gross weight of 205,360 pounds, the trial court found that defendant was 117,360 pounds overweight. The trial court assessed a fine which it then reduced to $16,000 in consideration of the fact that the truck was impounded for several days, costing defendant's employer a substantial sum.

■■ Defendant argues that the trial court erred in finding him in violation based on gross weight rather than merely exceeding the weight specified in the permit. Defendant claims that the permit allowing him to drive a vehicle with a gross weight of 205,000 pounds should prevail. He was, therefore, only 8,000 pounds overweight by the State's evidence or 360 pounds overweight if the steel company scale's weight is accepted. Defendant relies on section 15—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—301), which allows IDOT to issue permits for vehicles exceeding normal size and weight classification to operate on highways under IDOT jurisdiction. Defendant points to certain provisions of section 15—301. These sections authorize IDOT to establish the route to be taken by the permitted vehicle, and the sections further state that violation of the per-

mit does not revoke the permit. (Ill. Rev. Stat. 1987, ch. 95½, pars. 15—301(c), (f), (g).) Defendant concludes that violation of the permit subjects the permittee only to a minimal fine as set forth in section 15—301(j) of the Illinois Vehicle Code. Ill. Rev. Stat. 1987, ch. 95½, par. 15—301(j).

The State argues that acceptance of defendant's theory would lead to an absurd result because a driver could obtain a permit to drive an otherwise overweight vehicle on a certain roadway and then drive anywhere, knowing that he could be fined only based on the weight in excess of the permitted weight. This, says the State, could also allow a driver to obtain a permit to drive a vehicle weighing a specific amount above that weight normally allowed. As long as the weight specified in the permit was not exceeded, the otherwise overweight vehicle could be driven on any road in this State without subjecting the driver to a fine.

■ We agree with the State that acceptance of defendant's argument would be a disincentive for operators of overweight vehicles to obey regulations which govern the movement of such vehicles. (See *People v. Ullrich* (1990), 135 Ill. 2d 477, 486-87, 553 N.E.2d 356.) It would lead to an absurd result, and in interpreting statutes, courts should avoid such an outcome if possible. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, 489 N.E.2d 1374.

■ Section 15—301(j) of the Illinois Vehicle Code provides that whenever a person operates or moves a vehicle in violation of a permit, he shall be guilty of a petty offense. (Ill. Rev. Stat. 1987, ch. 95½, par. 15—301(j).) The final provision of section 15—301 then states that "[p]enalties for violations of this Section shall be in addition to any penalties imposed for violation of other Sections of this Act." (Ill. Rev. Stat. 1987, ch. 95½, par. 15—301.) Section 15—113.1 of the Illinois Vehicle Code allows for additional penalties when an overweight vehicle is operated "under a fraudulent permit or under a permit not specifically covering the move." (Ill. Rev. Stat. 1987, ch. 95½, par. 15—113.1.) Sections 15—113.2 and 15—113.3 provide additional penalties when the overweight permitted vehicle exceeds the axle weight or gross weight authorized by the permit. (Ill. Rev. Stat. 1987, ch. 95½, pars. 15—113.2, 15—113.3.) While these three last-mentioned sections deal with overweight vehicles purportedly operating pursuant to permit, none expressly deal with the situation where the permitted vehicle has deviated from the route specified in the permit.

■ We recognize that vehicles of excessive weight and size can damage a roadway and pose a danger to other motorists. (*People v.*

*Slonski* (1976), 40 Ill. App. 3d 319, 322, 352 N.E.2d 292.) Based on this recognition and the various statutory provisions we have considered, we conclude that the driver of a vehicle, which exceeds normal weight requirements, can be prosecuted under section 15—111(g) of the Illinois Vehicle Code even when he had secured a permit for the overweight vehicle if he violates the specific and clear route restrictions set forth in the permit. Here, defendant did not comply with the route restrictions and the trial court properly convicted defendant under section 15—111(g).

■ Defendant next places great import in the weight discrepancies obtained when the police weighed the truck on a portable scale and when the truck was later weighed on the steel company scale. The Illinois Vehicle Code permits use of such portable scales. (Ill. Rev. Stat. 1987, ch. 95½, par. 15—112(a).) Moreover, the fine in this case was based on the weight provided by defendant's witness, and defendant cannot claim prejudice. In reaching this conclusion we reject defendant's claim that the trial court should have dismissed the charge based on the weight variations.

■ Defendant further claims that Officer Rapaz had no reason to believe that the truck was overweight and should not have stopped him. In reaching this belated argument defendant calls into question the officer's limited experience in such matters. The officer testified that defendant's truck was "too big" for the expressways. Photographs in the record show defendant's vehicle bearing a gigantic steel girder. Even one of limited experience in such matters could easily have reason to believe that defendant's vehicle was substantially overweight. See *Slonski*, 40 Ill. App. 3d at 321.

■ Defendant next argues that the police conduct in this case caused great hardship requiring dismissal of the charge. Defendant says that the stop occurred on Friday and the truck could not be weighed until the following Monday, thereby prohibiting use of the truck during the interim and causing a financial loss to defendant's employer. The State points out correctly that defendant's assertion was not timely presented in the trial court, and section 114—1 of the Code of Criminal Procedure of 1963 does not set forth the basis defendant now advances as grounds for dismissal. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1.) The failure to promptly weigh the truck is not grounds for dismissal. (*People v. Altobelli* (1971), 1 Ill. App. 3d 524, 525, 275 N.E.2d 209.) In fact in this case we note that the truck was eventually taken to two weigh stations, but it was too wide to be weighed at either location.

■ Defendant finally asserts that the fine was improperly calcu-

lated based on the statute, although in his brief defendant does not urge any specific remedy. The State agrees with the claim that the trial court assessed a fine contrary to statute but reaches a conclusion clearly to defendant's detriment. The State argues that we should remand this cause to the trial court to raise defendant's fine from $16,000 to $19,320. The State notes that the trial court lowered the fine to account for some of the costs the trucking company incurred between November 27, 1990, and November 30, 1990, before the truck was weighed. The State observes that the Illinois Supreme Court has held that trial courts do not have the discretion to impose a fine in an amount less than that required by section 15—113(a) of the Illinois Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 15—113(a); *People v. Ullrich* (1990), 135 Ill. 2d 477, 553 N.E.2d 356.) The State says that defendant was fined pursuant to section 15—113 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—113) for violations of section 15—111 (Ill. Rev. Stat. 1987, ch. 95½, par. 15—111). Section 15—113 provides that a truck which is overweight by 5,001 pounds or more requires the fine to be $75 for each 500 pounds overweight or fractions thereof. Calculating this amount, the State says that there are 234 increments of 500 in 117,000 (defendant was not fined for the extra 360 pounds), and multiplying $75 by 234 gives a total of $17,550. Next, the State argues that a 10% surcharge is added for a total of $19,305. Finally, the State seeks a fee of $15 to be added for a final total of $19,320. After making this argument the State then requests that alternatively the judgment be affirmed. Given the fact that the State does not claim that it advanced this argument in the trial court (see *People v. Adams* (1989), 131 Ill. 2d 387, 395, 546 N.E.2d 561) and now proposes affirmance as a disposition, we will not consider the State's argument.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and EGAN, JJ., concur.