THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NICHOLAS KOLOMIS, Defendant-Appellee.

Second District  No. 2—91—1442

Opinion filed November 25, 1992.

John M. Mullen, of Libertyville, for the People.

Daniel R. Zeit, of Ori, Fox, Lunardi & Zeit, and Douglas E. Zeit and Suzanne A. Lindsay, both of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., both of Waukegan, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

The State appeals after the trial court dismissed a complaint against defendant, Nicholas Kolomis, for operating a vehicle that exceeded the registration weight limits in violation of section 15—112(f) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f)). The issue on appeal is whether a truck driver who operates a vehicle without a valid registration also can be fined for exceeding the registered weight limit. We reverse and remand.

On October 9, 1991, defendant was stopped by a Kildeer police officer while driving westbound on Route 22 at Krueger Road in Kildeer, Illinois. Defendant was ticketed for having no valid registration in violation of section 3—701 of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 3—701), no valid safety test in violation of section 13—111 of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 13—111), and exceeding the registration weight limit in violation of section 15—112(f) of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f)). The State

claims that defendant pleaded guilty to the no valid registration and no valid safety test violations, and fines were imposed.

A hearing was held on the exceeding the registered weight limit charge (overweight charge). The parties agreed that the "Truck Overweight Violation" ticket accurately assessed the truck's gross weight at the time of the traffic stop at 62,800 pounds. It was also stipulated that defendant's truck had a "V" license the previous year and that defendant was within the appropriate weight range for a "V" registration at the time of the traffic stop. The trial court dismissed the overweight charge, finding that the facts of the case did not constitute a violation of section 15—112(f) of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f)). The State thereafter filed a timely notice of appeal.

The State contends that defendant can be fined for no valid registration *and* exceeding the registered weight limit. The State claims that section 15—112(f) of the Code states that an overweight fine can be assessed "in addition to any other violation or penalty." (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f).) The State also argues that the legislature could not have intended that a driver with no valid registration be fined less than a driver who has an "underweight" registration. The State concludes that every pound of an unregistered truck must be considered overweight.

Defendant contends that his vehicle was not overweight, so the overweight charge was properly dismissed. Defendant claims that the plain meaning of section 15—112(f) of the Code requires a vehicle to be 2,001 pounds or more over the registration limits. Defendant concludes that because the parties agreed that his truck's weight was within the weight range of "V" registration, the truck was not overweight as defined under section 15—112(f).

"The primary rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature." (*People v. Ullrich* (1990), 135 Ill. 2d 477, 483.) Legislative intent is determined by first examining the statutory language. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194.) Statutory terms are to be given their plain and ordinary meaning. (*Hernon*, 149 Ill. 2d at 194-95.) In construing a statute, the reviewing court must consider the entire statute as well as the evil to be remedied and the objective to be attained. *People v. Palmer* (1992), 148 Ill. 2d 70, 85.

■ Section 15—112(f) of the Code states:

"Whenever the gross weight of a vehicle exceeds the registration weight limits established under Article VIII of Chapter 3 of the Code, by 2,001 lbs. or more, the driver or owner, in

addition to any other violation or penalty, shall be fined in accordance to the schedule enumerated in Section 15—113 of this Chapter." (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f).)
Section 15—113 of the Code, in pertinent part, imposes fines according to the following schedule:

> "from 5001 or more pounds overweight = the fine shall be computed by assessing $750 for the first 5000 pounds overweight and $75 for each additional increment of 500 pounds overweight or fraction thereof."

Ill. Rev. Stat. 1991, ch. 95½, par. 15—113.

We have found no cases in which a defendant was ticketed for both lacking a valid registration in violation of section 3—701 and exceeding the registered weight limit in violation of section 15—112(f). However, a few cases are analogous and are instructive. In *People v. White* (1990), 206 Ill. App. 3d 15, the defendant was ticketed for violating a permit for excess weight issued pursuant to section 15—301 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—301) and exceeding the statutory gross weight limitations in violation of section 15—111(g) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—111(g)). The defendant argued that a violation of section 15—301 subjects the permittee to only a minimal fine under section 15—301(j) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—301(j)). (*White*, 206 Ill. App. 3d at 18-19.) The court found that acceptance of this theory would lead to an absurd result. Drivers could obtain a permit to carry excess weight that restricted travel to a certain roadway and then drive on any roadway, knowing that a fine could be imposed based only on the weight in excess of the permitted weight. (*White*, 206 Ill. App. 3d at 19.) Thus, the court held that a driver can be prosecuted for exceeding the statutory gross weight limitations even when a permit has been obtained to exceed that limitation if the driver does not follow the route restrictions set forth in the permit. *White*, 206 Ill. App. 3d at 20.

The State cites *People v. Kueper* (1969), 111 Ill. App. 2d 42, a case in which the defendant also was charged with operating his truck in violation of a permit for excess weight and operating an overweight truck by violating the rear tandem axle limitation imposed by statute. (*Kueper*, 111 Ill. App. 2d at 43-44.) One issue on review was whether the defendant could be prosecuted for violating statutory weight limitations after pleading guilty and paying a fine for violating

a permit for excess weight. The court found that section 230(g) of the Act (Ill. Rev. Stat. 1965, ch. 95½, par. 230(g)), the section dealing with violation of a permit for excess weight, provided that penalties for violating a permit for excess weight "shall be in addition to any penalties imposed for violation of other sections of this Act." (*Kueper*, 111 Ill. App. 2d at 46.) The court held that prosecution for violation of a permit for excess weight did not bar prosecution for violation of the weight limitations. *Kueper*, 111 Ill. App. 2d at 46.

The holding of *Kueper* was adopted by this court in *People v. Freehill* (1970), 129 Ill. App. 2d 234. There, the defendant was also fined for violating a permit for excess weight and for operating an overweight vehicle. (129 Ill. App. 2d at 236.) However, the court also stated:

"We do not consider it unjust, absurd, or unreasonable to impose a larger fine on a permittee who exceeds the permit weight than one who does not apply for a permit at all, as defendant suggests. The permittee is one who has been given a special permission or privilege to exceed the statutory limits and is not one who has made a greater effort to comply with the law as [defendant] suggests. Under defendant's theory, a wilful violator could seek a permit so as to minimize the fine for a premeditated violation." *Freehill*, 129 Ill. App. 2d at 239-40.

On its face, this statement seems to suggest that a defendant who failed to obtain a permit would not be prosecuted for also exceeding the statutory weight limitation. However, the court does not preclude prosecution of both violations. In fact, the same concern of the courts in *White* and *Freehill*, defendant's disincentive to obey regulations, exists in the case at bar. Here, if we followed defendant's reasoning and upheld the dismissal of the overweight charge, there would be an incentive for truck drivers to drive with no registration, which is a petty offense subject to a $500 fine (see Ill. Rev. Stat. 1991, ch. 95½, par. 3—834(b); Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1), instead of driving with a valid registration, whether or not it be for the proper weight classification. A $500 fine is less than any fine for vehicles not exceeding 5,001 pounds overweight under the schedule of fines in section 15—113 of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 15—113), less than the $1,802 fee for a "V" registration (see Ill. Rev. Stat. 1991, ch. 95½, par. 3—815), and significantly less than the $9,450 fine the State sought here from defendant. We believe that the legislature did not intend such a result, which is evident by the statement in section 15—112(f) of the Code that an overweight

charge is imposed "in addition to *any other violation or penalty*." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f).

■ Defendant's argument that his truck was not overweight because it was within the weight limit for a "V" registration, the previous registration obtained by defendant, must also fail. There exists no presumption that a defendant's vehicle should be classified as operating under the registration class of his or her previous registration. The fact is that at the time defendant was stopped by the police he was not registered for *any* weight class. Thus, defendant was in violation of section 15—112(f) because the gross weight of his vehicle exceeded the registered weight limit, in his case zero, by 2,001 pounds or more. (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f).) This decision is in accordance with the plain meaning of the statute. *People v. Ullrich* (1990), 135 Ill. 2d 477, 483.

■ We further conclude that, as the State argues, the fine imposed for exceeding the registered weight limit should be $9,450. Defendant's vehicle was not registered, so it was permitted to carry zero pounds. Defendant's truck weighed 62,880 pounds at the time of the stop. Therefore, defendant came within the parameters of section 15—112(f) because the gross weight of the vehicle exceeded the registered weight by 2,001 pounds or more. Section 15—113 of the Code is then used to calculate the fine. The entire gross weight is figured into the equation in determining the fine of $9,450. Because the statutory schedule in section 15—113 is mandatory, this fine may not be reduced by the sentencing court. See *Ullrich*, 135 Ill. 2d at 487-88.

For the foregoing reasons, the order of the circuit court of Lake County is reversed, and the cause is remanded with directions that the trial court order defendant to pay a fine of $9,450 for violating section 15—112(f) of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 15—112(f)).

Reversed and remanded with directions.

McLAREN and BOWMAN, JJ., concur.