THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER PICOU, Defendant-Appellant.

Second District No. 2—93—0086

Opinion filed April 22, 1994.

Paul A. Lewis and Lisa M. Nyuli, both of Law Offices of Paul A. Lewis, P.C., of Aurora, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

After a bench trial in the circuit court of Kane County, defendant, Peter Picou, was found guilty of operating an overweight vehicle in violation of section 15—111(g) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(f) (West Supp. 1993))) and fined $8,995. On appeal, defendant claims that (1) the weight limitations of section 15—111(g) do not apply to the county road upon which he was driving at the time of the offense; (2) he operated the vehicle under a valid overweight permit which exempted the vehicle from the applicable weight limitations; and (3) his operation of the vehicle

on the county road was proper under the five-mile access rule of section 15—111(g). We reverse.

The record on appeal consists of the traffic citation issued to defendant and an agreed statement of facts submitted pursuant to Supreme Court Rule 323(d) (134 Ill. 2d R. 323(d)). The incident in question occurred on September 22, 1992, while defendant was operating a vehicle on the 100 block of south Kirk Road in Geneva. Patrolman Reese and Sergeant Party of the Geneva police department issued defendant an "Illinois Overweight Ticket & Complaint." The ticket reveals that defendant was operating a truck owned by Link Truck Service. The truck had six axles, with a distance of 59 feet 6 inches between extreme axles.

The ticket charged defendant with operating a truck with a gross weight "in violation of Para. 15—111(g) of the Illinois Vehicle Code with the gross weight of the vehicle or combination thereof, with a load of 134,060 pounds being 54,060 pounds in excess of maximum allowed by statute." The parties stipulated that the Department of Transportation (Department) issued defendant an overweight permit. The permit stated that the vehicle's destination was Payhauler, Inc., which is located on Kirk Road south of State Route 38, in Batavia. The permit designated the end of the route as "Geneva, Jct. 38 & Kirk Rd."

Defendant's vehicle was within the weight specified in the permit. Payhauler is located on Kirk Road and is within five highway miles of the intersection of Route 38 and Kirk Road. Kirk Road is maintained by Kane County, and the portion of Kirk Road south of Route 38 is posted as a "Class II Truck Route."

After hearing the testimony, the trial court continued the cause so that the parties could submit memoranda of law and present arguments to the court. After hearing arguments, the trial court found defendant guilty and imposed the fine. This timely appeal followed.

Before analyzing the disputed provisions of section 15—111 of the Code, it is helpful to discuss the general structure of chapter 15 of the Code. Section 15—101(a) states that it is unlawful:

> "for any person to drive *** upon or across any highway any vehicle or vehicles of a *** weight exceeding the limitations stated in this Chapter or otherwise in violation of this Chapter, and the maximum *** weight of vehicles herein specified shall be lawful throughout this State, and local authorities shall have no power or authority to alter such limitations except as express authority may be granted in this Chapter." Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 15—101(a) (now 625 ILCS 5/15—101(a) (West 1992)).

Sections 15—111(a) and (b) set out the general weight limitations which apply to the "highways of this State." (See Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, pars. 15—111(a), (b) (now 625 ILCS 5/15—111(a), (b) (West 1992)).) The Code defines "[h]ighway" as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 1—126 (now 625 ILCS 5/1—126 (West 1992)).) The gross weight limit for a vehicle such as defendant's truck is 73,280 pounds. Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 15—111(b) (now 625 ILCS 5/15—111(b) (West 1992)).

Section 15—111(g) establishes, however, higher weight limits for certain designated roads. The first paragraph of subsection (g) states:

"[E]xcept for *** those vehicles for which the Department issues overweight permits under authority of Section 15—301 of this Code, the weight limitations contained in this subsection (g) shall apply to the National System of Interstate and Defense Highways and other highways in the system of State highways that have been designated by the Department. No vehicle shall be operated on said highways with *** a gross weight in excess of 80,000 pounds for vehicle combinations of five axles or more." Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(g) (West Supp. 1993)).

The parties agree that Kirk Road is under the jurisdiction of and maintained by Kane County (County) and is therefore not a part of the "National System of Interstate and Defense Highways" or the "system of State highways." The sixth paragraph of section 15—111(g) states, however, that the "[l]ocal authorities and road district highway commissioners, with respect to streets and highways under their jurisdiction, may also by ordinance or resolution allow the weight limitations of this subsection (g)." (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(f) (West Supp. 1993)).) The County has adopted the 80,000-pound gross weight limitation for Kirk Road. Kane County Code §§ 17.5(a)(1), (b) (1992).

The issues defendant raises turn on the interpretation of the relevant provisions of chapter 15 of the Code. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 15—101 *et seq.* (now 625 ILCS 5/15—101 *et seq.* (West 1992)).) Because the facts are undisputed and the resolution of the issues turns on the proper interpretation of the statute, we review the trial court's ruling as a matter of law. *Village of Spring Grove v. Doss* (1990), 202 Ill. App. 3d 858, 862.

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. To determine the

legislative intent, a court should first consider the statutory language, and where the language is clear, it will be given effect without resort to other aids for construction. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.) The court must examine the language of the statute as a whole and consider each part or section in connection with every other part or section. *Makowski v. City of Naperville* (1993), 249 Ill. App. 3d 110, 122.

Initially, we address defendant's argument that he cannot be guilty of a weight limit violation because his vehicle was within the weight limits of the overweight permit that the Department issued to him. We disagree with this contention.

Section 15—301(a) of the Code grants the Department and the local authorities the discretion to issue, for highways under their respective jurisdictions, overweight permits. (Ill. Rev. Stat. 1991, ch. 95½, par. 15—301(a) (now 625 ILCS 5/15—301(a) (West 1992)).) That provision also grants the issuing authority the discretion to prescribe the route to be traveled under the permit. (Ill. Rev. Stat. 1991, ch. 95½, par. 15—301(c) (now 625 ILCS 5/15—301(c) (West 1992)).) Even if the driver of a vehicle has secured a permit for his overweight vehicle, he may be prosecuted under section 15—111 of the Code if he violates the specific and clear route restrictions set forth in the permit. *People v. White* (1990), 206 Ill. App. 3d 15, 20.

The parties do not dispute that the permit at issue designated a route ending at the intersection of Route 38 and Kirk Road. When defendant moved his vehicle beyond that point, he was no longer in compliance with the permit's route restriction and therefore was subject to prosecution for violating the weight limits for Kirk Road.

To hold otherwise would mean that a driver could obtain a permit for his overweight load and then, as long as he complied with the weight limits of the permit, drive anywhere without fear of being ticketed for operating an overweight vehicle. This would clearly be an absurd result, and we must assume that the legislature did not intend it. (*People v. Bole* (1993), 155 Ill. 2d 188, 195.) Defendant did not have a permit authorizing him to operate the overweight vehicle on Kirk Road and cannot, therefore, claim protection under the permit that the Department issued to him.

Defendant next argues that section 15—111(g) of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(f) (West Supp. 1993))) does not regulate the county road upon which he was traveling when the police officers stopped him for a weight limit violation. Defendant raises this argument for the first time on appeal and, therefore, has waived it. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) However, because a

conviction and the imposition of a substantial fine under a statute that may not regulate the road upon which defendant was driving would affect defendant's substantial rights, we will address the issue under the plain error doctrine. 134 Ill. 2d R. 615(a).

Defendant relies upon the language of section 15—111(g), stating that "the weight limitations contained in this subsection (g) shall apply to the National System of Interstate and Defense highways and other highways in the system of State highways that have been designated by the Department." (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(f) (West Supp. 1993)).) The State contends that sections 15—111(a) and 15—111(b) clearly evidence the legislature's intent to grant the State the power to enforce the weight limitations on all highways within the State. According to the State, if the legislature had intended to divest the State of that power with respect to local roads for which local authorities have adopted the section 15—111(g) weight limits, it would have more explicitly expressed its intent to do so.

Section 15—111(g) makes it an offense to operate on an interstate highway, defense highway, or a designated State highway a vehicle with a gross weight in excess of 80,000 pounds. While this subsection also allows local authorities to adopt the weight limits of subsection (g) with respect to highways under their jurisdiction, it does not prohibit the operation of a vehicle with weights in excess of the limits established by subsection (g) on such local roads.

The Code provides that local authorities may restrict the use of highways as authorized under chapter 15. (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—208(a)(7) (now 625 ILCS 5/11—208(a)(7) (West 1992)).) The County acted under the authority of section 15—111(g) and set the gross-weight limit for Kirk Road. When the County did this, the gross-weight limits of section 15—111(b) were no longer applicable. In subsections (a) and (b), the legislature explicitly prohibited operating on local roads a vehicle with a weight in excess of the limits prescribed therein. (Ill. Rev. Stat. 1991, ch. 95¹/₂, pars. 15—301(a), (b) (now 625 ILCS 5/15—301(a), (b) (West 1992)).) We conclude that the legislature's failure to do the same with respect to local roads on which the local authorities have adopted the higher weight limits of subsection (g) indicates that it intended that such violations be charged as violations of local ordinances.

Because defendant was not operating his vehicle on "the National System of Interstate and Defense Highways" or on a designated State highway, he cannot be guilty of violating the weight restrictions of section 15—111(g) of the Code. The State has failed to prove that defendant violated any of the weight limitations of chapter 15 of the Code. Accordingly, we must reverse defendant's conviction.

We note that even if we had concluded that the weight limits of section 15—111(g) applied to Kirk Road, defendant's conduct would have been legal under the five-mile access rule of section 15—111(g). That provision states:

"Vehicles operating under this subsection (g) shall have access for a distance of 5 highway miles on a street or highway included in the system of State highways and upon any street or highway designated by local authorities *** to points of loading and unloading and to facilities for food, fuel, repairs and rest." Ill. Rev. Stat. 1991, ch. 95½, par. 15—111(g) (now codified, as amended, at 625 ILCS 5/15—111(f) (West Supp. 1993)).

If the weight limits of subsection (g) applied to Kirk Road, defendant's vehicle certainly would have been "operating under *** subsection (g)" as long as it was on Kirk Road. The County has "designated" Kirk Road. (Kane County Code §§ 17.5(a)(1), (b) (1992).) Therefore, this provision allowed defendant to drive his vehicle on Kirk Road for up to five miles as long as he was driving to a point of loading and unloading or to a facility for food, fuel, repairs, and rest.

The undisputed evidence reveals that defendant was heading to a "point of loading and unloading" and that this point was within five miles of Route 38 and Kirk Road, the end of his permitted route. Applying the plain language of the five-mile access rule to the facts of this case, we conclude that defendant's operation of the vehicle on Kirk Road fell within the scope of protection provided by the five-mile access rule of subsection (g).

Based on the foregoing analysis, we reverse the judgment of the circuit court of Kane County.

Reversed.

BOWMAN and DOYLE, JJ., concur.