THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. CLINE et al., Defendants-Appellants.

Second District   Nos. 2—97—0972, 2—97—0973 cons.

Opinion filed August 12, 1998.

Michael J. Phillips, of Freeport, for appellants.

Michael P. Bald, State's Attorney, of Freeport (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Judith E. Koehler, of Chicago, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendants, Michael A. Cline and Christopher J. Gens, were employed by Oakland Cemetery Association of Freeport, Inc., which operates Oakland Cemetery (Cemetery). On April 28, 1997, they removed the gravestone marking Hazel McLarnon's grave because Ms. McLarnon's family had failed to pay the Cemetery the costs associated with her burial. Based on their removal of the gravestone, defendants were arrested. After a bench trial, they were convicted of a violation of section 1 of the Cemetery Protection Act (Act) (765 ILCS 835/1 (West 1996)).

Defendants challenge their convictions on the following bases: (1) they did not violate section 1 of the Act because their removal of Ms. McLarnon's gravestone was permitted by the exception contained in section 1(c) (765 ILCS 835/1(c) (West 1996)); (2) the complaints charging them with a violation of the Act were insufficient because the statutory subsection cited in the complaints was incorrect; and (3) their trial counsel was ineffective. We reverse.

The relevant facts of this case are undisputed. On February 12, 1997, Hazel McLarnon was buried next to her husband in Oakland Cemetery. Her name was added to the headstone marking her husband's grave. This headstone had been purchased in 1971, when McLarnon's husband died, and had been in place since that time.

Around April 15, 1997, Janice Kunkle, McLarnon's granddaughter, received a bill from the Cemetery for the costs associated with her grandmother's burial. Kunkle did not pay the bill, and, on April 28,

1997, defendant Cline called Kunkle to ask why she had not yet paid the outstanding charges. She responded that she was not happy with the appearance of the gravesite because a mound of dirt remained on top of the grave. She told Cline that she would pay the outstanding charges as soon as the dirt looked as if it had been raked properly. Cline replied that, if she did not pay the bill by noon the next day, the Cemetery would remove the gravestone and would charge her $100 for the removal, plus another $100 to replace the gravestone.

The record does not indicate what Kunkle's response to Cline's statement was, but it is clear that Cline called her later that night to tell her that the Cemetery had removed the gravestone. Kunkle drove to the Cemetery that night and observed that the gravestone was in fact missing. She contacted the sheriff the following day.

On April 29, 1997, Richard Roodhouse, a deputy sheriff for Stephenson County, accompanied Kunkle to the Cemetery. Roodhouse observed that the McLarnons' gravestone was missing from their graves and saw it lying on the ground near the caretaker's house.

He spoke to defendants, who admitted that they had removed the gravestone from the McLarnons' graves the night before because of Kunkle's failure to pay the fees she owed the Cemetery. They explained that the gravestone could not be replaced until the Cemetery had received those fees plus $100 for the removal of the gravestone and another $100 for its replacement. Cline showed him a copy of the Cemetery rules and suggested that he call the Director of Cemeteries in Springfield. After Roodhouse arrested defendants, Cline stated that April Gens, the manager of the Cemetery, had directed defendants to remove the gravestone.

■ Defendants were both charged by complaint with the "[u]nlawful removal of [a] grave stone in violation of Ch. 765 ILCS, Sec. 835/1b2 [*sic*]." The complaint alleged that they, "without proper authority, knowingly removed the headstone from the grave site of Hazel McLarnon." As defendants note in their briefs, the reference to this section of the Act in the complaints was incorrect. Although prior to January 1, 1996, section 1(b)(2) prohibited the removal of a gravestone (see 765 ILCS 835/1(b)(2) (West 1994)), it now prohibits vandalism or desecration of a park designated to preserve the memory of a person or group of persons (see 765 ILCS 835/1(b)(2) (West 1996)). At the time defendants were charged, the removal of a gravestone was prohibited by section 1(b—5) of the Act, which provides:

> "Any person who acts without proper legal authority and who willfully and knowingly defaces, vandalizes, injures, or removes a gravestone or other memorial, monument, or marker commemorating a deceased person or group of persons, whether located within

or outside of a recognized cemetery, memorial park, or battlefield is guilty of a Class 4 felony for damaging at least one but no more than 4 gravestones *** and shall provide restitution to the cemetery authority or property owner for the amount of any damage caused." 765 ILCS 835/1(b—5) (West 1996).

The error in the complaints was not brought to the attention of the trial court. Defendants waived their right to a jury trial, and, after a bench trial, the trial court found them both guilty of the unlawful removal of a gravestone in violation of section 1(b)(2) of the Act. The trial court sentenced defendants each to one year of conditional discharge, 30 hours of public service, and a fine of $100, plus court costs. As in the complaints, the sentence the trial court imposed appears to have been based on the older version of section 1, under which a first offense of removal of a gravestone was a Class A misdemeanor. See 765 ILCS 835/1(b)(2) (West 1994). The fact that defendants appear to have been charged and sentenced under a version of the Act that was no longer effective does not affect our disposition because we find that defendants' removal of the gravestone was lawful under section 1(c) of the Act.

Defendants' first contention on appeal is that their convictions were improper because the exception contained in section 1(c) exempted them from criminal liability under the Act. The exception provides:

"The provisions of this Section shall not apply to the removal or unavoidable breakage or injury by a cemetery authority of anything placed in or upon any portion of its cemetery in violation of any of the rules and regulations of the cemetery authority, nor to the removal of anything placed in the cemetery by or with the consent of the cemetery authority that in the judgment of the cemetery authority has become wrecked, unsightly, or dilapidated." 765 ILCS 835/1(c) (West 1996).

According to defendants, the exception applied to their actions because McLarnon's gravestone violated a Cemetery rule prohibiting a marker from being erected on a lot where charges were outstanding. Thus, as Cemetery employees, they were authorized to remove the gravestone to enforce this rule.

The State counters that the trial court properly found that this exception did not apply. The State argues that the Cemetery rules only prohibited a new gravestone from being set in place when there were charges outstanding and did not permit the removal of an existing gravestone. Consequently, defendants' removal of the gravestone was contrary to these rules and violated the Act.

The facts in this case are undisputed, and the resolution of

defendants' first contention on appeal depends on interpretation of the applicable provisions of the Act. We will, therefore, review the trial court's ruling as to the application of the exception as a matter of law. See *People v. Blair*, 52 Ill. 2d 371, 373 (1972); *People v. Picou*, 260 Ill. App. 3d 692, 694 (1994).

■ In construing a statute, the primary rule is to give effect to the intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). The best indication of this intent is the language of the statute. *In re S.G.*, 175 Ill. 2d 471, 480 (1997). Where that language is clear and unambiguous, the language must be applied without resorting to aids of statutory construction. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). Furthermore, any ambiguities in a criminal statute must be resolved in favor of the defendant. *Robinson*, 172 Ill. 2d at 457.

■ The plain language of the exception contained in section 1(c) of the Act permits a cemetery authority to remove a gravestone when the gravestone is placed in the cemetery in violation of the cemetery's rules. There is no dispute in this case that defendants were acting on behalf of a cemetery authority when they removed McLarnon's gravestone. The only issue is whether that gravestone was "placed in *** [the] cemetery in violation of any of the rules and regulations of the cemetery authority." 765 ILCS 835/1(c) (West 1996).

The specific language of the rule defendants claim was violated is as follows:

> "No monument, marker, or mausoleum will be permitted to be erected upon any lot not paid for, or which has charges outstanding."

After considering this rule, as well as the other Cemetery rules, the trial court found that section 1(c) of the Act did not apply because "nowhere in the [Cemetery] regulations does it indicate that a long-existing tombstone can be removed because of non-payment for a new grave." It concluded that defendants violated the Act because their removal of the gravestone was not in accordance with the rules. The State urges us to adopt the trial court's reasoning.

We decline to do so because the trial court's analysis ignores the language in section 1(c) expressly permitting the removal of a gravestone by a cemetery authority. Because section 1(c) itself permits removal when there is a violation of a cemetery rule, the cemetery rules need not contain removal language for the exception to apply. For removal to be permissible under section 1(c), the only showing required is that the gravestone has been placed in the cemetery in violation of the cemetery rules.

Here, the Cemetery rules prohibit a gravestone from being erected

when charges are outstanding on the lot. Given that there were charges outstanding on Hazel McLarnon's lot, it was therefore a violation of the Cemetery rules for a gravestone to be placed on her lot.

The application of this rule to the circumstances before us is, of course, complicated by the fact that the gravestone to which Hazel McLarnon's name was added had been in place since 1971. Although the gravestone's placement did not violate the Cemetery rules prior to Hazel McLarnon's burial, when she was buried without the payment of the burial costs and her name was added to the gravestone, it was reasonable to conclude that there was a violation of the Cemetery rules. Accordingly, the exception contained in section 1(c) applied to defendants' removal of her gravestone.

To construe the exception otherwise would lead to unjust and absurd results, which we are required to avoid when interpreting a statute. See *People v. Bole*, 155 Ill. 2d 188, 195 (1993). This case began as essentially a contract dispute between the Cemetery and the family of an individual buried there. Based on the parties' inability to resolve this dispute, the manager of the Cemetery ordered defendants to remove McLarnon's gravestone. Certainly, the legislature did not intend for cemetery employees to be criminally liable under such circumstances, especially when their actions were arguably justified by the rules of the cemetery. In addition, the fact that the penalty for the removal of a gravestone includes compensating the cemetery authority for any damage indicates that the legislature did not intend to hold cemetery employees criminally liable for removing a gravestone when instructed to do so by a cemetery authority.

We find that the trial court erred in refusing to apply the exception contained in section 1(c) of the Act and reverse defendants' convictions. Given our decision to reverse defendants' convictions based on their first assertion of error, it is unnecessary for us to address defendants' remaining contentions.

Reversed.

THOMAS and HUTCHINSON, JJ., concur.